IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CSAA GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>CRAIG STILES, CHRISTINE STILES, TIA NORINE, SHELDON TIGHE, ELKHORN ROOFING, ATLANTIC CASUALTY INSURANCE COMPANY, and DOES 1-50,<br><br>Defendants. | CV 22-61-H-BMM-KLD<br><br>ORDER |
| ATLANTIC CASUALTY INSURANCE COMPANY<br><br>Crossclaimant,<br><br>vs.<br><br>SHELDON TIGHE, ELKHORN ROOFING, and TIA NORINE,<br><br>Crossclaim Defendants. | |

Upon unopposed motion of Defendant/Crossclaimant Atlantic Casualty Insurance Co., and for good cause shown, this Court enters the following Protective Order, to govern the discovery and protection of confidential proprietary

information, copyrighted and/or commercial information, which may be and has been subject to discovery in this action:

1. This Protective Order governs the access to, use, and distribution of information designated as "Confidential" in this litigation. For purposes of this Protective Order, "information" or "materials" includes documents, things, pleadings, discovery responses, deposition testimony, and all other discovery materials.

2. This Protective Order shall also govern all discovery materials and/or papers filed with the Court in this case which include or make reference to any information designated as "Confidential" by a party. This Protective Order shall also govern all information derived from such documents and all copies, excerpts, or summaries of them.

3. Information may be deemed "Confidential" if it contains trade secrets or other non-public, proprietary, or competitively sensitive research, development, financial, or commercial information, or information that, if publicly disclosed, could be used to the competitive detriment of a party or would violate the parties' respective confidentiality and/or privacy policies and/or agreements, including without limitation policies and/or agreements with employees, customers, or third parties. Information may further be deemed "Confidential" if it contains private personal information that is not privileged, but is considered private to the

individual disclosing it.

4. All "Confidential" information shall be treated as confidential during and throughout the pendency of this action. Confidential information shall be used by the non-producing party solely for the purposes of this litigation and not for any other purpose. Control and distribution shall be the responsibility of the attorneys of record.

5. The parties shall not disclose information derived from such Confidential information to any person except as provided in this Protective Order. Confidential materials and information derived from them may be inspected and disclosed by the parties only to the following persons and only for the purposes of conducting this litigation:

(a) The parties, their counsel in this lawsuit, and counsel's employees;

(b) Any person retained by counsel representing the parties to assist in the preparation of trial of this litigation, including experts and paralegals; and

(c) Deposition reporters.

Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

6. Filing of documents subject to this protective order shall be

accomplished in accordance with United States District Court For the District of Montana Local Rule 26.4(b). No redacted document shall be considered by the Court or relied upon by any party absent an order of Court so permitting.

7. Before any party files a motion or other document with the Court that would reveal any portion of the contents of the Confidential information, such party shall provide at least ten (10) days written notice of such filing, detailing by Bates range the precise documents or information to be filed. If the party designating the documents or information as Confidential files a motion for leave to redact some or all of the documents or information within ten (10) days of such written notice, the motion or document at issue shall not be filed pending further order of the Court.

8. The parties understand and accept that all documents relied upon by the Court in resolving any issue before the Court, whether or not designated or filed as "Confidential," including documents redacted, will be unredacted and made public contemporaneously with the Court's ruling on the issue.

9. The admissibility, confidentiality, and use of all Confidential information at trial shall be subject to the orders of the Court.

10. A party producing or disclosing information may invoke this Protective Order's protection by following the procedures set forth below:

    (a) With respect to documents, the copy of the document, when

produced, shall bear the clear and legible designation "Confidential" on each page as to which the designating party seeks the protection of this Protective Order. To the extent a document contains some "Confidential" information and some non-confidential information, a party may designate the entire document for treatment as "Confidential" within the scope of this Protective Order.

(b) With respect to answers to interrogatories or requests for admissions, the specific responses containing "Confidential" information shall be clearly marked.

(c) With respect to any deposition, such treatment may be invoked by: (1) declaring the same on the record at the deposition and, thereafter, by designating the specific portions of testimony as "Confidential" within thirty (30) days of the receipt of the transcript of the deposition in which the designations are made; or (2) designating specific portions of testimony as "Confidential" and serving such designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made. The entirety of all deposition transcripts shall be treated as "Confidential" for the thirty (30) day period

following receipt of the transcript. If a document is not designated as "Confidential" as discussed in this section, after the expiration of time limits, the document is no longer considered "Confidential" and is no longer subject to this protective order.

(d) If information deemed "Confidential" is inadvertently produced without the designation "Confidential," a party may nevertheless timely assert the confidentiality of the information upon learning of the inadvertent disclosure by providing written notice of such to all parties. The parties agree that the same protocol will apply to the inadvertent production of privileged documents and/or materials as well, and, upon receiving written notice from the designating party, all inadvertently produced privileged material will either be returned or destroyed, as instructed by the written notice.

11. If a party or counsel for a party disputes whether a document or other material should be marked "Confidential," the challenging party shall notify the producing party by the time of the Final Pre-Trial Order. Counsel for the parties shall attempt to resolve any dispute between them. If they are unsuccessful, the party or counsel seeking to uphold the "Confidential" designation shall do so by

filing an appropriate motion with the Court. Any document so marked as "Confidential" will continue to be treated as such pending determination by the Court as to its confidential status.

12. In the event that a party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process or by applicable laws, rules or regulations) to disclose any information designated "Confidential," the party shall provide all other parties with prompt written notice of the request or requirement within fourteen (14) days of receipt of the same, so that the other parties may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order. If, in the absence of a protective order or other remedy or the receipt of a waiver by the other parties, the party is, upon advice of counsel, nonetheless legally compelled to disclose "Confidential" information, the party may, without risk of liability hereunder, disclose that portion of the "Confidential" information that counsel advises must be disclosed provided that timely written notice of the request or requirement has been made within fourteen (14) days of receipt of the same to the other parties.

13. Sanctions may be granted by the Court for improper use or dissemination of any information produced subject to this Protective Order. Sanctions may be imposed by the Court on its own motion or on motion by a party.

14.     Within 90 days of the conclusion of this matter including all appeals therefrom, each "Confidential" document, including all copies of each document and all excerpts or summaries of them, shall be either returned to the party producing or designating the document, or destroyed.  If the documents are destroyed, rather than returned, the party and its counsel destroying the documents shall provide a written certification that all copies have been destroyed or erased if stored electronically.  Notwithstanding the foregoing, latent data such as deleted files, and other non-logical data types, such as memory dumps, swap files, temporary files, printer spool files, and metadata that can only be retrieved by computer forensics experts and is generally considered inaccessible without the use of specialized tools and techniques, will not be within the requirements for return or destruction of Confidential information as set forth by this provision.

DATED this 17th day of March, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge